UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE ENDRIES,

       Petitioner,

v.                                                                                         Case No. 10-C-739

UNITED STATES OF AMERICA,

       Respondent.

## ORDER

Dale Endries filed this petition pursuant to 28 U.S.C. § 2255, asserting that her incarceration is unconstitutional because his guilty plea was the product of ineffective assistance of counsel. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Endries asserts that, despite what this Court told him in open court, which he acknowledged on the record, and despite signing a plea agreement containing an appeal waiver, his attorney told him that he would maintain his right to appeal. Endries has filed an affidavit from his trial counsel confirming this version of events. Apparently counsel's erroneous advice was so persuasive that

Endries ignored the plea colloquy and this Court's specific discussion of the fact that he was waiving his appeal rights. Endries now asserts that, if he had known he was waiving his appeal rights, he would have insisted on going to trial rather than waiving them.

The Supreme Court has noted that "when a defendant expressly represents in open court . . . that his plea is voluntary . . . he 'may not ordinarily' repudiate his statements to the sentencing judge." *Fontaine v. United States,* 411 U.S. 213, 215, 93 S.Ct. 1461, 1462 (1973). But there is not a complete bar to such inquiries on collateral review because "like any procedural mechanism, [Rule 11's] exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations." *Id.* That is, the occurrence of an adequate plea colloquy under Fed. R. Civ. P. 11 does not serve as an automatic bar to a voluntariness challenge. Even so, it should go without saying that "[o]ne especially important consideration is the defendant's answers to the questions posed at his Rule 11 hearing. We accord the record created by a Rule 11 inquiry a '"presumption of verity."'" *United States v. Trussel,* 961 F.2d 685, 689 (7th Cir. 1992) (citing *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir. 1987)). "'[R]ational conduct requires that voluntary responses made by a defendant [when entering a guilty plea] . . . be binding.'" *Id.*

Here, Endries attempts to undermine the voluntariness of his plea by asserting ineffective assistance of counsel. Given his attorney's declaration, we may assume for present purposes that counsel's inaccurate advice was below the constitutional standard of representation. But that is not enough. A movant alleging ineffective assistance must also demonstrate prejudice from the bad advice he received, and Endries cannot do that. *Strickland v. Washington,* 466 U.S. 668, 692 (1984). Assuming that counsel provided the inaccurate advice prior to Endries' guilty plea, any prejudice from that advice was wiped away by the plea colloquy and Endries' statement in open

2

court that he understood he was waiving his appeal rights. At the close of the plea hearing, this Court asked the Assistant United States Attorney if there were any further issues to explore, and she indicated that there was a plea waiver.

> THE COURT: Okay. The plea agreement also provides that you are giving up or waiving, as part of this agreement, your right to appeal or to file post-conviction motions. There are three exceptions to that waiver of your right to appeal, and those three exceptions would be you can appeal or file a post-conviction motion if the Court imposes a punishment in excess of the statutory maximum.
> 
> Now the statutory maximum here, as I said, is 30 years. So if I imposed a sentence of 35 years, you could appeal that. You can also appeal if the Court relies on any constitutionally impermissible factor. That would be like race or something like that, color, sex. You could also appeal if your attorney provided ineffective assistance of counsel, and that means -- ineffective assistance of counsel means your attorney failed to provide the level of representation that the Sixth Amendment to the United States Constitution requires; that is effective assistance.
> 
> Other than those three exceptions, however, you are giving up your right to appeal from your conviction or your sentence in this case, and you're also giving up your right to file any post-conviction motion challenging the conviction or sentence. Do you understand that?
> 
> THE DEFENDANT: Yes.

(Case No. 08-CR-208, Dkt. # 51 at 18-19.)

Having explained on the record to Endries that he was giving up his appeal rights, this Court's colloquy effectively cured any ineffective assistance Endries may have received from his counsel. In other words, a defendant cannot claim he relied on the inaccurate advice of his counsel if the trial judge explains to him otherwise and the defendant states that he understands. "[I]f the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and defendant." *United States v. Lambey,* 974 F.2d 1389, 1395 (4th Cir. 1992); *see also*

3

*Hunter v. United States,* 2010 WL 2696840, *8 (W.D.N.C. 2010) ("even if the Court assumes counsel made the [erroneous] promise that Petitioner would receive a two-level reduction based on his role, Petitioner cannot establish prejudice given Petitioner's acknowledgment in his Rule 11 colloquy that the sentence might be higher than expected. Petitioner has not established the prejudice prong under *Strickland*, and therefore, his claim must fail."); *Polanco v. McNeil,* 2010 WL 3027798, *15 (S.D. Fla. 2010) ("any alleged misadvice was cured by the court's extensive colloquy regarding the right which she was waiving. Therefore, no deficient performance or prejudice pursuant to *Strickland* has been established arising from counsel's alleged misadvice.")

Accordingly, even if counsel's performance was deficient, Endries has not established any prejudice from the advice he received because he recognized in open court that he understood he was waiving his right to appeal. The motion to vacate is therefore **DENIED** and the case is **DISMISSED**. I further certify that reasonable jurists could not debate the outcome of this proceeding and that the movant has not shown the denial of any constitutional right. A certificate of appealability is therefore **DENIED**.

**SO ORDERED** this   31st   day of August, 2010.

                                            s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge