UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE ENDRIES,

        Petitioner,

v.                                                        Case No. 10-C-739

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

On October 24, 2008, Dale Endries pleaded guilty to mail fraud and money laundering pursuant to a written plea agreement with the government in which he also agreed to waive his right to appeal or seek post-conviction relief. On February 3, 2009, he was sentenced to concurrent prison terms of 71 months. Endries initially appealed but then dismissed his appeal and filed this petition vacate his conviction pursuant to 28 U.S.C. § 2255 on August 27, 2010. In his petition Endries alleges that his attorney provided ineffective assistance because he erroneously informed him that he would be able to appeal notwithstanding the appeal waiver in the plea agreement.

I initially denied Endries' petition in a screening order pursuant to Rule 4 of the Rules Governing § 2255 Cases. In denying Endries' petition to vacate his conviction, I noted that the appeal waiver contained in the plea agreement had been explained to Endries on the record during the plea colloquy and concluded: "[a]ssuming that counsel provided the inaccurate advice prior to Endries' guilty plea, any prejudice from that advice was wiped away by the plea colloquy and Endries' statement in open court that he understood he was waiving his appeal rights."

Endries thereafter moved for reconsideration on the ground that his attorney's ineffectiveness continued even after the plea colloquy when he again assured Endries that he would be able to appeal the court's guideline calculation. Had his attorney not so advised him, Endries claims, he would have immediately moved to withdraw his plea. I granted Endries' motion for reconsideration and vacated my prior order of dismissal in light of Endries' argument and the unusual facts of the case. What makes the case unusual is Endries' petition is supported by an affidavit from his counsel, Attorney John Miller Carroll, in which Attorney Carroll admitted that he told his client he would be able to appeal despite his express waiver of that right. Carroll further averred that Assistant United States Attorney Tammy Jo Hock, who represented the Government, assured him that the waiver did not apply to guideline calculation issues. Given these facts and Endries' argument that Attorney Carroll's erroneous advice had continued even after the plea colloquy, I concluded that the record should be more fully developed. I therefore directed the Government to file a response addressing the factual and legal merits of the case within thirty days.

The government has now responded by letter to Endries' petition suggesting that because Endries' request for relief is contradictory and unclear, counsel should be appointed. Accompanying its letter response, the Government has also filed an affidavit in which AUSA Hock denies that she ever conveyed to Attorney Carroll or Endries any information that could be construed as suggesting Endries' appeal waiver did not mean what it clearly says. AUSA Hock states in her affidavit that she never told Endries' attorney that the appeal waiver would not apply to guidelines calculations. In addition, she details her more recent conversations with Attorney Carroll from which it now appears that Carroll concedes his affidavit is in error. It appears from

2

AUSA Hock's summary of her conversations with Attorney Carroll, however, that even now he may be confused as to the meaning and effect of the appeal waiver.

Given the Court's thorough explanation of the consequences of the appeal waiver during the plea colloquy and before Endries entered his plea of guilty, it may not matter legally whether Attorney Carroll erroneously advised his client about the effects of the waiver afterwards. Endries expressed no confusion over the Court's explanation at the time and did not hesitate to enter his plea of guilty immediately thereafter. If it was so important to him that he retain his right to appeal the Court's Guideline calculation, why didn't Endries ask for clarification on the record? And what did his attorney say to him after the Court specifically explained the effects of the waiver on the record? The answers to these questions, as well as clarification of the specific relief Endries is seeking, will have to be further explored at an evidentiary hearing before the Court rules on his motion.

Rule 8 of the Rules Governing Section 2255 Motions mandates the appointment of counsel for a person who qualifies to have counsel appointed under 18 U.S.C. § 3006A if an evidentiary hearing is called for unless the right to counsel is waived. The Clerk is therefore directed to set this matter on the Court's calendar for a telephone status conference so that the Court can determine whether Endries is eligible for appointment of counsel and wishes counsel to be appointed. Once the issue of counsel is resolved, the matter will be set for an evidentiary hearing.

**SO ORDERED** this   11th   day of December, 2010.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge